UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | |
| | * | Criminal Action No. 17-cr-10199-ADB |
| ELIN ROBINSON MEJIA ROMERO, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

BURROUGHS, D.J.

Currently before the Court is Elin Robinson Mejia Romero's ("Romero") motion for reduction of sentence pursuant to 18 United States Code, Section 3582. [ECF No. 203]. For the reasons set forth below, the motion is **DENIED**.

### I.   FACTUAL BACKGROUND

On September 21, 2018, following a jury trial, Romero was convicted of various drug trafficking offenses involving the possession and distribution of heroin and fentanyl. [ECF No. 151]. At sentencing, the Court determined that he was responsible for 398.92 grams of fentanyl and 19.5 grams of heroin which resulted in a base offense level of 30. [ECF No. 162 at 2; ECF No. 177 at 5]. Romero was in criminal history category II and subject to a minimum mandatory sentence of ten years based on a prior conviction for a similar drug offense. [ECF No. 177 at 5]. Because of the mandatory minimum sentence, his guideline sentencing range was 120–135 months. [ECF No. 170]. The Court sentenced him to 120 months. [ECF No. 169].

Romero now seeks a reduction in his sentence and cites the following six reasons in support: (1) intervening changes of law or fact;[1] (2) harsh conditions of confinement during the COVID-19 pandemic;[2] (3) acceptance of full responsibility for his conduct; (4) rehabilitation; (5) deportation; and (6) the 18 U.S.C. § 3553(a) factors. See [ECF No. 203 at 1]. As explained below, none of these circumstances considered alone or in combination warrants his release, and the motion is therefore denied.

## II.     PROCEDURAL BACKGROUND

Romero represents that he has exhausted his administrative remedies and the government does not dispute this. [ECF No. 203 at 1]. On February 24, 2023, he filed the instant motion, asking the Court to reduce his "sentence to time served or whatever the Court deems appropriate." [Id. at 7]. The Government opposed the motion on September 1, 2023. [ECF No. 206].

## III.    DISCUSSION

Romero seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF No. 203 at 1]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons. The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the

---

[1] Romero does not develop this argument and it is therefore waived. To the extent that he means to direct the Court's attention to the Amendments to the Sentencing Guidelines that took effect in November 2023, the Court is aware of them and will apply them here, as appropriate.

[2] For purposes of this motion, the Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

> Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) <u>extraordinary and compelling reasons</u> warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

> (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community. . . ; and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sent'g Guidelines Manual ("U.S.S.G."), § 1B1.13 (U.S. Sent'g Comm'n 2023).

After Romero filed his motion, the Sentencing Commission amended the sentencing guidelines under 18 U.S.C. § 3582(c)(1)(A) in 2023, expanding the list of specified "extraordinary and compelling reasons" that can form the basis for a sentence reduction. U.S.S.G. § 1B1.13(b). As examples, the amendment provides that certain ''Medical Circumstances" of the defendant may qualify as extraordinary and compelling, including if the defendant is suffering from a terminal illness or other medical conditions that limit the defendant's ability to provide self-care or requires long term or specialized medical care that is not being provided. <u>Id.</u> § 1B1.13(b)(1)(B)–(C). The amendment also states that a defendant's age, being a victim of abuse while in custody or having received an unusually long sentence for which he has served at least 10 years might also qualify as extraordinary and compelling enough

3

to warrant early release.  Id. § 1B1.13(b)(2), (4), (6).  Finally, the amendment allows the court to consider each of these things and any other circumstance alone or in combination when making its assessment of "extraordinary and compelling."  Id. § 1B1.13(b)(5).

Romero has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements.  See United States v. Jackson, 468 F. Supp. 3d 59, 65 (D.C. Cir. 2020).  First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; and finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify his release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

### A. "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

As discussed above, the Sentencing Guidelines now recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated

4

reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Romero first asserts that he has suffered particularly harsh conditions of confinement due to the COVID-19 pandemic. He recognizes that this is not an independent ground for release but asks that it be considered in combination with "other issues." [ECF No. 203 at 3]. The Court cannot discern anything particularly harsh about Defendant's circumstances of incarceration at present, but will nonetheless acknowledge and take into account the challenges of being imprisoned during COVID-19.

Romero next asserts that post-conviction rehabilitation, acceptance of responsibility, and the fact that he will likely be deported upon completion of his sentence warrant a sentence reduction. None of these things considered alone or in combination are "extraordinary and compelling." See Jackson, 468 F. Supp. 3d at 65. The Court is impressed with Romero's rehabilitative efforts, including his complete acceptance of responsibility, and encourages him to continue on that path, but neither of these things are extraordinary and are, in fact, what we hope and expect people to accomplish during a term of imprisonment. The fact that Romero will be deported also does not warrant a sentence reduction. Further, the likelihood of deportation was known to the Court at sentencing and taken into account then.

Thus, the Court finds that Romero has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B. Dangerousness and the § 3553(a) Factors

Although Romero has failed to meet his initial burden to show that "extraordinary and compelling reasons" warrant his release, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Romero is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  Here, given Romero's personal history and criminal history (and despite his laudable post-conviction rehabilitative efforts), the Court cannot conclude that he, if released, would not pose a danger to the safety of the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

>   (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2)   the need for the sentence imposed—
>
>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .
>
>   (3)   the kinds of sentences available;
>
>   (4)   the sentencing range established [under the applicable Guidelines sections] . . .
>
>   (6)   the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a).  The Court weighs these factors against the reasons favoring Romero's compassionate release.  United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

6

Releasing Romero early, given his reasons stated in support, would be inconsistent with the purposes of sentencing including punishment and deterrence.  Although the Court sympathizes with the fact that he has been incarcerated during the COVID-19 pandemic, this alone is not adequate justification for reducing his sentence.

## IV.  CONCLUSION

The Court finds that Romero has failed to meet his burden of demonstrating that compassionate release or a sentence reduction is justified.  His recourse remains with the Warden.  Accordingly, Romero's motion for a sentence reduction, [ECF No. 203], is <u>DENIED</u>.

**SO ORDERED.**

February 6, 2024
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE